UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, et al., | |
| Plaintiffs, | Case No. 3:25-cv-00634 |
| v. | Judge Aleta A. Trauger |
| | Magistrate Judge Luke A. Evans |
| STEWART COUNTY, TENNESSEE, et al., | |
| Defendants. | |

## ORDER

Pending before the Court is Plaintiffs' unopposed motion to file an exhibit under seal. (Doc. No. 65.) Specifically, Plaintiffs seek to seal Exhibit A to their response to Defendants' motion to Quash. (Doc. No. 66.) In support of their motion, Plaintiffs assert that Exhibit A "contains several documents from the concurrent DCS investigation, as well as excerpts of forensic interviews with children in connection with that investigation." (Doc. No. 65.) The exhibit also contains identifying information "concerning D.R., which is subject to protection based on the protective order in Middle District of Tenn. Case No. 3:26-cv-161.) *Id.*

A party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305-06 (6th Cir. 2016). By itself, a document's designation as confidential under a protective order agreed to by the parties does not suffice to meet this burden. *See, e.g., Hughes v. Core Civic, Inc.*, No. 3:19-CV-924, 2021 WL 5827136, at *1 (M.D. Tenn. Dec. 8, 2021), *report and recommendation adopted*, 2021 WL 2411342 (M.D. Tenn. June 11, 2021). *Cf. Brown & Williamson Tobacco Corp.*

*v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (noting that a "confidentiality agreement between the parties does not bind the court in any way" in deciding whether to seal documents). From this, it easily follows that a party must do more than simply rely on the Agreed Confidentiality Order (Doc. No. 68) and must provide more than a generalized assertion that a document is confidential to justify sealing that document. *See Manning v. Lowe's Home Centers, LLC*, No. 3:24-cv-00926, 2025 WL 4236114, at *2 (M.D. Tenn. Nov. 12, 2025).

The Court finds that Plaintiffs have shown compelling reasons for sealing the Exhibit A and that the request to seal is narrowly tailored. Exhibit A includes child related materials from a DCS child abuse investigation, identifying information of minors, and excerpts from forensic interviews with children that should not be made available to the public. Therefore, Plaintiff's motion (Doc. No. 65) is GRANTED and the Clerk is DIRECTED to file Exhibit A to Plaintiffs' response to Defendants' motion to Quash (Doc. No. 66) under seal. Said document will remain under seal unless and until the sealed information becomes relevant to a case determinative issue at a later time.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge

2